UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



June 23, 2020

Stephen F. Shea, Esq.
Elkin and Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Amy C. Rigney, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Mona S. v. Saul*[1]
Civil No.: 8:19-cv-00990-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 12, 13). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3)(2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is **REMANDED** for further consideration.

I.   **BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on April 23, 2014, alleging that disability began June 1, 2012. (Tr. 299). This claim was initially denied on September 19, 2014, and upon reconsideration, denied again on June 19, 2015. (*Id*.). Plaintiff's request for a hearing was granted and the hearing was conducted on September 26, 2017, by an Administrative Law Judge ("ALJ"). (*Id.*). On January 12, 2018, the ALJ found that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act. (Tr. 311). On February 3, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-6).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*Mona S. v. Saul*
GLS-19-00990
June 23, 2020

## II.    ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assesses whether a claimant had engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, the ALJ assesses the claimant's residual function capacity ("RFC"), i.e., the most the claimant could do despite his or her limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware', including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by his or her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work. At steps one through four, it is the claimant's burden to show that he or she is disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Id.* at 180.

Here, the ALJ found that Plaintiff suffered the following severe impairment: affective mood disorder. (Tr. 302). Despite this impairment, the ALJ determined that Plaintiff retained the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional but with the following nonexertional limitations: she is limited to jobs involving simple, routine, and repetitive tasks; occasional changes in the work setting; no production rate for pace of work; and occasional interaction with the general public, co-workers, and supervisors. (Tr. 304)

At the hearing before the ALJ, a vocational expert ("VE") testified about whether a hypothetical person with non-exertional limitations could perform Plaintiff's prior work. (Tr. 236-242). That hypothetical mirrored the Plaintiff's RFC assessment. (Tr. 237). The VE stated that "no," that hypothetical person could not perform that work. (Tr. 237). Next, the ALJ asked the VE whether a hypothetical person with the same limitations that the Plaintiff has could perform other work existing in significant numbers in the national economy. (Tr. 237-238). The VE opined that

*Mona S. v. Saul*
GLS-19-00990
June 23, 2020

the person could perform other work, e.g., as a laundry worker, a packer, and a router. (Tr. 237-238). Therefore, the ALJ found that the Plaintiff was not disabled. (Tr. 311).

### III.   DISCUSSION

On appeal to this Court, Plaintiff advances the following arguments: (1) the ALJ failed to include any limitation on concentration, persistence, or pace in Plaintiff's RFC; (2) the ALJ's RFC assessment was not supported by substantial evidence because there was no definition of the phrase "no production rate for pace work"; (3) the ALJ failed to consider the consultative examiner's opinion; and (4) the ALJ failed to evaluate Plaintiff's subjective complaints. (ECF No. 12-1, pp. 5-15). The SSA counters that the arguments raised by Plaintiff lack merit. (ECF No. 13-1, pp. 4-8). For the reasons explained below, the Court agrees with the Plaintiff. Thus, I grant remand under sentence four of 42 U.S.C. § 405(g).

When assessing a claimant's RFC, the law requires an ALJ to consider all of the claimant's medically determinable impairments, including any medically determinable impairments that are not "severe." 20 C.F.R. § 416.925(a)(2). The ALJ considers any inconsistencies in the evidence and the extent to which there are any conflicts between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4). An ALJ will determine if a claimant's symptoms will diminish his or her capacity for basic work activities, subject to them being consistent with the objective medical evidence and other evidence. *Id.* An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). *See also Petry v. Comm'r of Soc. Sec.*, No. 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

As to her successful argument, Plaintiff argues that the ALJ failed to define "no production rate for pace of work." Thus, the absence of a definition ultimately led an erroneous RFC. In support of his argument, Plaintiff relies on *Thomas, supra, Perry v. Berryhill,* 765 Fed. Appx. 869, 872, 2019 WL 1092627 (4th Cir. Mar. 8, 2019), and *Kimberly B. v. Comm'r of Soc. Sec.*, Civil No. GLS 17-2913, 2019 WL 1040869, (D. Md., Mar. 4, 2019). (ECF No. 12-1, pp. 7-10). Defendant raises several counter-arguments. First, Defendant maintains that the limitation on pace or rate production does not in itself preclude meaningful review by this Court; and, the Fourth Circuit has upheld similar RFC limitations. Second, the VE did not express any confusion about the ALJ's hypothetical. Third, the VE identified occupations that are consonant with Plaintiff's RFC, and Plaintiff is not challenging the validity of those findings. (ECF No. 13-1, pp. 4-6).

I find *Thomas* to be controlling here. In *Thomas*, the ALJ denied the claimant's application for SSI. The claimant argued, *inter alia*, that the ALJ erred in evaluating claimant's RFC. *Thomas, supra*, at 311. The Fourth Circuit found that there were several missteps in the ALJ's RFC evaluation. Of particular relevance here, is the Fourth Circuit's holding that the ALJ's failure to define "production rate or demand pace" made the ALJ's RFC assessment flawed, because without

*Mona S. v. Saul*
GLS-19-00990
June 23, 2020

such a definition, the appellate court could not meaningfully review the ALJ's decision. *Id.* at 311-12.

Defendant relies on several cases to advances its arguments, which are distinguishable from the instant case. Defendant relies on *Sizemore v. Berryhill*, 878 F.3d 72, 79 (4th Cir. 2017); and *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished). These cases predate *Thomas* and *Perry*, in which the Fourth Circuit made clear that the ALJ shall define phrases that are not defined by common meaning, regulation, or the Dictionary of Occupational Titles. Regarding, *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. 2019), the Fourth Circuit affirms, without explanation, the district court's finding. In reviewing the underlying district court decision, *see Martinez v. Berryhill*, Case No. 17-cv-186, 2018 WL 709971, at *2 (W.D.N.C. Feb. 5, 2018), I find the case to be factually distinguishable; for instance, the ALJ specified that the claimant could perform "simple routine repetitive tasks but not at a production-rate pace (such as an assembly line);" in other words, a definition was given for "production-rate pace."

In this case, the lack of a definition of the phrase "no production rate for pace of work" means that Plaintiff's RFC assessment cannot be meaningfully reviewed. I do not know what the phrase means, so I cannot determine what pace the ALJ is saying Plaintiff can work. Is it a fast pace, a slow pace? A medium pace? And, what does "no production rate" mean relative to the pace of work? Accordingly, remand is warranted so that the ALJ can clarify the RFC assessment such that one can determine whether substantial evidence exists to support the ALJ's ultimate finding of non-disability. *See Nora P. v. Comn'r of Soc. Sec.,* Civil No. SAG 18-1604, (D. Md. Apr. 23, 2019)(remand warranted where RFC and related hypothetical failed to define "no fast pace or strict production requirements").

Because the case is being remanded on other grounds, I decline to address Plaintiff's remaining arguments. I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 12), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 13), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

4